# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| YAHA A. AHMAD and HANA YAHYA AHMAD, | ) <br> ) CASE NO. 8:17-cv-2152-T-35AEP <br> ) |
|    Plaintiffs, | ) |
| v. | ) <br> ) |
| UNITED STATES OF AMERICA, | ) <br> ) |
|    Defendant. | ) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION REQUESTING SPECIFIC DISCOVERY BEYOND THE ADMINISTRATIVE RECORD

Respectfully submitted,

Dated: September 5, 2019

*Andrew Z. Tapp*

**ANDREW Z. TAPP, ESQ.**
Florida Bar No.: 68002
**METROPOLITAN LAW GROUP, PLLC**
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.legal
LaJeana@Metropolitan.legal
**COUNSEL FOR PLAINTIFFS**

# PLAINTIFFS' MEMORANDUM

**I.  INTRODUCTION**

    A.    **Case History**

This matter pertains to a Supplemental Nutrition Assistance Program (SNAP) re-authorization, which was conducted by the Defendant pursuant to 7 U.S.C. §2018(a)(3) and 7 C.F.R. §278.1. Plaintiffs were denied re-authorization from participating in SNAP as an authorized retailer as the result of the Defendant's determination, as set forth in the determination letter dated December 6, 2016 (A.R. 128-129) and an eventual Final Agency Decision dated August 17, 2017. (A.R. 143-149). The Plaintiffs filed this action as required for Judicial Review pursuant to 7 U.S.C. §2023 on September 18, 2017. (ECF Doc. No. 1). In pertinent part, 7 U.S.C. §2023 grants subject matter jurisdiction to the Court to conduct judicial reviews of administrative decisions involving SNAP, albeit with a requirement that said judicial review be filed within 30 days of the date of the final agency decision (§2023(a)(13)).

The Complaint was timely filed. (ECF Doc. No. 1). The Government subsequently filed its Answer and Defenses (ECF Doc. No. 7).

**II.  STATUTORY AND REGULATORY BACKGROUND**

SNAP, formerly known as the "Food Stamp Program," is responsible for providing monetary benefits to poor families for the sole purpose of permitting them to purchase food. 7 U.S.C. §2011. It is codified at 7 U.S.C. §§2011-2036(c). The United States Department of Agriculture is tasked with overseeing the program, which in pertinent part, involves the authorization and reauthorization of food retailers to sell food to the SNAP participants.

This instant matter deals with such reauthorization only. There are no allegations by the Defendant of wrongdoing, violative activity, or any other transgression on the part of the Plaintiffs.

The sole question before the Court is whether or not the Defendant erroneously and/or arbitrarily determined that Plaintiffs failed to qualify to operate as a SNAP retailer under 7 CFR §278.1, despite being qualified to do so since around 2011. In pertinent part, 7 C.F.R. §278.1 sets forth two criterion for retailer eligibility:

<u>Criterion A (found at 7 CFR §278.1(b)(1)(ii))</u>: To qualify under this criterion, the store must offer for sale on a continuous basis no fewer than seven different varieties (one of which should be fresh/perishable[1]) of food items in each of the four staple food categories, with a minimum depth of at least three units for each. *Id*.

<u>Criterion B (also found at 7 CFR §278.1(b)(1)(iii)</u>: To qualify under this criterion, the store must have more than 50% of its total gross retail sales in staple foods. Staple Food is defined in 7 C.F.R. §271.2 to include meat, poultry or fish, as well as dairy products, fruits and vegetables, and breads and cereals. *Id*. However, "hot foods are not eligible for purchase with SNAP benefits and, therefore, do not qualify as staple foods for determining eligibility under §278.1(b)(1)." *Id*.

To this point in the Administrative Proceedings, the Plaintiff has been unable to review the Administrative Record at all, which is the practice of the Defendant. It wasn't until the afternoon of September 4th, 2019 (the day before this memorandum is presented to the Court) that the Plaintiff was able to see the documents contained therein. The proceedings administratively to this point have been informal in nature, bereft of a formal Administrative Record (until this point) and without the benefit of an Administrative Law Judge or an evidentiary presentation (or opportunity to rebut).

---

[1] Technically, only 3 of the staple food categories need to have a fresh variety. *Id*.

As noted in 7 U.S.C. §2023, this Judicial Review is not like the average Administrative Procedures Act appeal. See *Ramirez vs. United States*, 514 F.Supp 759, 763 (D.P.R. 1981):

> "The trial de novo provision of 7 U.S.C. Sec. 2023 is broader than the review standard provided in the Administrative Procedure Act, 5 U.S.C. Sec 500 et seq., since it requires the Court to examine all the issues raised and not merely to determine whether the administrative findings are supported by substantial evidence on the record. The Court must reach its own factual and legal conclusions and is not limited to matters considered in the administrative proceedings." Citing *Modica vs. United States*, 518 F.2d 374, 376 (5th Cir. 1975). See also *Saunders vs. U.S.*, 507 F.2d 33, 36 (6th Cir. 1974) (holding that §2023 requires a reexamination of the entire matter in which the Court should make its own findings of fact.)

Accordingly, a detailed discovery plan in this matter is difficult to develop in the absence of a record upon which to attack. Nevertheless, the Plaintiffs believe that some limited discovery is necessary.

III.    Discovery Sought

The Defendant's decision was based almost entirely on the on-site inspection conducted by the Defendant's contractor *before* an application was pending. In this on-site inspection, the Defendant's contractor appears to have taken a limited number of photographs of the store's inventory and otherwise failed to accurately document the store's inventory. The Plaintiffs would like to depose the on-site inspector to demonstrate that the inspection was flawed or otherwise not in compliance with the Department's requirements (contract) with the on-site inspector.

Limited request for production and requests for admissions from the Defendant is also contemplated, to include policies, Standard Operating Procedures, and other specifically related subject matter to prove that the determination was based upon non-current inspection information, and thus invalid and warranting reversal under 7 U.S.C. §2023.

Without this limited discovery, the Plaintiff won't be able to produce enough documentation on its own to show that the Government's decision to withdraw the store's licensure was invalid.

## V.      **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court allow the scope of discovery be extended beyond the Defendant's Administrative Record, and allow document production, interrogatories and scheduling of depositions. Plaintiffs have pled facts that demonstrate they have a plausible claim for meaningful relief and have satisfied the requirements set forth by 7 U.S.C. §2023.

Dated:  September 5, 2019

Respectfully submitted,

*Andrew Z. Tapp*

**ANDREW Z. TAPP, ESQ.**
Florida Bar No.: 68002
**METROPOLITAN LAW GROUP, PLLC**
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.legal
LaJeana@Metropolitan.legal
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2019, a true and correct copy of foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF filing system, which will provide notice of this filing to counsel for Defendant:

E. Kenneth Stegeby, Esq.
Kenneth.Stegeby@usdoj.gov

*Andrew Z. Tapp*
Andrew Z. Tapp, Esq.